THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
MARSHALL LOSKOT
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION
SERVICES: HELPING YOU
HELP OTHERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL LOSKOT, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>          Plaintiffs,<br><br>v.<br><br>BEST WESTERN CARRIAGE INN; MOTELS OF SAN FRANCISCO, INC., a California corporation,<br><br>          Defendant. | **CASE NO. C 04-1129 BZ**<br><u>Civil Rights</u><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)<br><br>**5th CAUSE OF ACTION:** For Unfair Business Practices in Violation of California Business and Professions Code §17200, *et seq.*<br><br>**DEMAND FOR JURY** |

1    Plaintiffs MARSHALL LOSKOT, an individual; and DISABILITY RIGHTS

2    ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a

3    California public benefit corporation (hereinafter sometimes referred to as "DREES"),

4    complain of defendant MOTELS OF SAN FRANCISCO, INC., a California corporation, dba

5    BEST WESTERN CARRIAGE INN and allege as follows:

6    **INTRODUCTION:**

7        1.      This is a civil rights action for discrimination against persons with physical

8    disabilities, of which class plaintiffs MARSHALL LOSKOT and the membership of DREES

9    are members, for failure to remove architectural barriers structural in nature at defendant's

10   CARRIAGE INN, a place of public accommodation, thereby discriminatorily denying

11   plaintiffs and the class of other similarly situated persons with physical disabilities access to,

12   the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods,

13   facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages

14   pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*;

15   California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code

16   §19955, *et seq.* and California Business and Professions Code §17200, *et seq.*

17       2.      Plaintiff MARSHALL LOSKOT is a person with physical disabilities who, on

18   or about July 22, 2003, was an invitee, guest, patron, customer at defendant's CARRIAGE

19   INN, in the City of San Francisco, California.  At said time and place, defendant failed to

20   provide proper legal access to the CARRIAGE INN, "which is a public accommodation"

21   and/or a "public facility" including, but not limited to signage, parking, guest rooms, hot tub,

22   check in counter and carpeting.  The denial of access was in violation of both federal and

23   California legal requirements, and plaintiff MARSHALL LOSKOT suffered violation of his

24   civil rights to full and equal access, and was embarrassed and humiliated.

25   **JURISDICTION AND VENUE:**

26       3.      **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

27   §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et*

28   *seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                                    2

same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24, California Building Standards Code; and California Business and Professions Code §17200, *et seq.*

4.   **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district at/near 140 Seventh Street, in the City of San Francisco, County of San Francisco, State of California and that plaintiffs' causes of action arose in this district.

**PARTIES:**

5.   Plaintiff MARSHALL LOSKOT is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons." Plaintiff MARSHALL LOSKOT is a "person with physical disabilities," as defined by all applicable California and United States laws. Plaintiff is a paraplegic. Plaintiff MARSHALL LOSKOT requires the use of a wheelchair to travel about in public. Consequently, plaintiff MARSHALL LOSKOT is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51, 51.5 and 54, *et seq.* and California Business and Professions Code §17200, *et seq.*

6.   Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.

DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.

7.     Defendant MOTELS OF SAN FRANCISCO, INC., a California corporation (hereinafter alternatively referred to as "defendant") is the owner and operator, lessor and/or lessee, or agent of the owners, lessors and/or lessees, and/or alter ego, franchisor and/or franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by the CARRIAGE INN, a public accommodation, located at/near 140 Seventh Street, San Francisco, California, and subject to the requirements of California state law requiring full and equal access to public facilities pursuant to §§19955 Health & Safety Code, and §§51, 51.5, 52(a), 54.1 and 54.3 Civil Code, and subject to Title III of the Americans with Disabilities Act of 1990, and to all other legal requirements referred to in this complaint.

8.     At all times relevant to this complaint, defendant MOTELS OF SAN FRANCISCO, INC., a California corporation, is the lessee, or agent of the lessees, and/or lessors, of said premises, and/or alter ego of the lessees, lessors and their agents, and owns and operates in joint enterprise the subject CARRIAGE INN as a public facility at/near 140 Seventh Street, San Francisco, California.  This business is open to the general public and conducts business therein.  The business operating on said premises is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §54, *et seq.*  Plaintiffs do not know the relative responsibilities of the defendant in the operation of the facilities herein complained of, and allege a joint venture and common enterprise by all such defendants.

9.     At all times relevant to this complaint, defendant MOTELS OF SAN FRANCISCO, INC., a California corporation, is the landlord/lessor, tenant/lessee and the owner and operator of the subject CARRIAGE INN, a public facility located at/near 140 Seventh Street, San Francisco, California.  As such, defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

### § 36.201      General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

10.      Plaintiffs do not know the true names of defendant MOTELS OF SAN FRANCISCO, INC., a California corporation, its business capacities, its ownership connection to the property and business, nor its relative responsibilities in causing the access violations herein complained of, and allege a joint venture and common enterprise by all such defendants.  Plaintiffs are informed and believe that the defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.  Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of defendant MOTELS OF SAN FRANCISCO, INC., a California corporation are ascertained.

11.      Plaintiffs are informed and believe that the named defendant conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

**PRELIMINARY FACTUAL ALLEGATIONS:**

12.     Defendant MOTELS OF SAN FRANCISCO, INC., a California corporation, is the private person and/or entity that is a public accommodations that owns, leases (or leases to), or operates the CARRIAGE INN, located at/near 140 Seventh Street, San Francisco, California.  The CARRIAGE INN, its signage, parking, guest rooms, hot tub, check in counter, carpeting, and its other facilities are each a "place of public accommodation or facility" subject to the requirements of the Americans with Disabilities Act and California Health & Safety Code §19955, *et seq.* On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the CARRIAGE INN, and each of its facilities, its signage, parking, guest rooms, hot tub, check in counter and carpeting to handicapped access requirements per the Americans with Disabilities Act Accessibility Guidelines for Buildings & Facilities (ADAAG), Civil Code §54.1, and §19959, Health & Safety Code.

13.     Plaintiff MARSHALL LOSKOT is a person with a disability.  Plaintiff MARSHALL LOSKOT is a "person with physical disabilities," as defined by all applicable California and United States laws.  Plaintiff MARSHALL LOSKOT is a paraplegic.  Plaintiff MARSHALL LOSKOT requires the use of a wheelchair for mobility and to travel in public.

14.     Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization, the purposes of which are promoting, providing and advocating disability rights, education, independent living, enforcement and services which help provide assistance to persons with disabilities and persons and entities who in turn will help others who have disabilities.

15.     That members of DREES, like plaintiff MARSHALL LOSKOT, will or have been guests and invitees at the subject CARRIAGE INN, and that the interests of plaintiff DREES in removing architectural barriers at the subject CARRIAGE INN advance the purposes of DREES to assure that all public accommodations, including the subject CARRIAGE INN, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

1      16.    At all times stated herein, plaintiff MARSHALL LOSKOT was a member of

2  DREES.

3      17.    At all times referred to herein and continuing to the present time, defendant

4  advertised, publicized and held out the CARRIAGE INN as being handicapped accessible and

5  handicapped usable.

6      18.    On or about but before July 22, 2003, plaintiff MARSHALL LOSKOT called

7  and made a reservation for a handicapped accessible guest room with two beds.  Plaintiff

8  MARSHALL LOSKOT was given confirmation number 735374.

9      19.    On or about July 22, 2003, plaintiff MARSHALL LOSKOT was an invitee and

10  guest at the subject CARRIAGE INN, with his care giver Bonnie Williams, for purposes of a

11  night's rest.  Plaintiff MARSHALL LOSKOT had been in the bay area marketing the "Herb

12  Blossom Express".

13      20.    At said time and place, plaintiff MARSHALL LOSKOT, upon entering the

14  garage, could not find any handicapped accessible stalls nor van accessible stalls.  Plaintiff was

15  unable to deploy his lift and was compelled to have his unlicensed care giver park his vehicle

16  after he had exited the vehicle on the apron approaching the parking stall.

17      21.    At said time and place, plaintiff wheeled to the check in counter but the counter

18  was too high to comfortably do business.

19      22.    At said time and place, plaintiff MARSHALL LOSKOT was given room

20  number 1215.

21      23.    At said time and place, plaintiff MARSHALL LOSKOT had great difficulty

22  wheeling on the heavy pile carpet causing strain and pain to plaintiff MARSHALL LOSKOT's

23  upper extremities.

24      24.    At said time and place, plaintiff MARSHALL LOSKOT decided to relax his

25  upper extremities by using the hot tub.  Unfortunately it was not accessible.

26      25.    At said time and place, plaintiff MARSHALL LOSKOT, once in his room for a

27  period of time, had need to use the toilet.  Unfortunately the toilet lacked access in that the

28  grab bars were negligently positioned.  Although there was a rear grab bar it was only twenty

four inches long. The side grab bar was at a forty five degree angle. Plaintiff, in transferring using said grab bars, injured his upper extremities.

26. At said time and place, plaintiff MARSHALL LOSKOT had need to use the shower. The shower was part of a bathtub design that did not have a fixed bench seat but a moveable seat. Said seat moved while plaintiff MARSHALL LOSKOT transferred to it, causing further injury to plaintiff's upper extremities. Said injuries are repetitive and continuous.

27. Therefore, at said time and place, plaintiff MARSHALL LOSKOT, a person with a disability, encountered the following inaccessible elements of the subject BEST WESTERN CARRIAGE INN, which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

      a.    lack of directional signage to show accessible routes of travel to the registration area;

      b.    lack of the requisite type and number of disabled parking stall(s);

      c.    lack of the requisite number of regular disabled parking stalls(s);

      d.    lack of disabled van accessible parking stall(s);

      e.    lack of handicapped accessible parking signage;

      f.    lack of handicapped accessible registration counter;

      g.    lack of the requisite number of accessible guest rooms by classification;

      h.    lack of an accessible spa, and;

      i.    on personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

28. At all times stated herein, the existence of architectural barriers at defendant's place of public accommodation evidenced "actual notice" of defendant's intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

29. At all times stated herein defendants, and each of them were "negligent per se" in not removing known barriers as set forth in the Code of Federal Regulations, appendix "A", ADAAG.

30.     As a legal result of defendant MOTELS OF SAN FRANCISCO, INC., a California corporation's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

31.     As a legal result of defendant's actions or omissions as stated herein and defendant's denial of access to plaintiff to all or part of the facilities constituting the public accommodations which comprise the BEST WESTERN CARRIAGE INN, plaintiff was wrongfully evicted and/or rejected by defendant.

32.     As a further legal result of the actions and failure to act of defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff MARSHALL LOSKOT suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring over elements of the hotel which were negligently designed, placed and maintained, the legal result of which was injury to plaintiff MARSHALL LOSKOT's upper extremities.), physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

33.     Defendant's failure to remove the architectural barriers complained of herein created, at the time of plaintiff MARSHALL LOSKOT's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff MARSHALL LOSKOT fatigue, stress, strain and pain in futilely attempting to overcome the architectural barriers as stated herein.

34.     Plaintiff MARSHALL LOSKOT is "physically handicapped," "physically disabled," or a "person with physical disabilities" who was denied his rights to equal access to a public facility by defendant MOTELS OF SAN FRANCISCO, INC., a California corporation, because defendant MOTELS OF SAN FRANCISCO, INC., a California corporation, maintained a public hotel without access for persons with physical disabilities to its facilities, including but not limited to signage, parking, guest rooms, hot tub, check in counter, carpeting and other public areas as stated herein, and continues to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

35.     Plaintiff DREES, whose members and the disability community that DREES serves are "physically handicapped," "physically disabled," or "persons with physical disabilities" and were, are and will be denied their rights to equal access to a public facility by defendant MOTELS OF SAN FRANCISCO, INC., a California corporation, because defendant MOTELS OF SAN FRANCISCO, INC., a California corporation, maintained a public hotel without access for persons with physical disabilities to its facilities, including but not limited to signage, parking, guest rooms, hot tub, check in counter, carpeting and other public areas as stated herein and continues to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

36.     On information and belief, construction alterations carried out by defendant have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

37.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the BEST WESTERN CARRIAGE INN to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendant operates the CARRIAGE INN as a public facility.  Plaintiffs seek damages for violation of their civil rights, from July 22, 2003 until such date as defendant brings the CARRIAGE INN into compliance with the requirements of California and federal law.  To encourage defendant to bring the CARRIAGE INN into compliance with the law,

1    plaintiffs also seek daily damages of not less than $4,000/day, pursuant to §§52(a) and 54.3,

2    California Civil Code, for each day after his visit until such time as the CARRIAGE INN is

3    made fully accessible to plaintiffs and to other persons with physical disabilities.

4        38.    On information and belief, defendant has been negligent in its affirmative duty

5    to identify the architectural barriers complained of herein and negligent in the removal of some

6    or all of said barriers.

7        39.    Because of defendant's violations, plaintiffs and other persons with physical

8    disabilities are unable to use public facilities such as those owned and operated by defendant

9    on a "full and equal" basis unless such facility is in compliance with the provisions of the

10   Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955,

11   *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court

12   compelling defendant to make the CARRIAGE INN accessible to persons with disabilities.

13       40.    On information and belief, defendant has intentionally undertaken to modify and

14   alter existing building(s), and has failed to make them comply with accessibility requirements

15   under the requirements of ADAAG and Title 24.  The acts and omission of defendant in

16   failing to provide the required accessible public facilities at the time of plaintiff's visit and

17   injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried

18   out by defendant with a willful and conscious disregard for the rights and safety of plaintiffs

19   and other similarly situated persons, and justify exemplary damages pursuant to §3294 of the

20   Civil Code, in amounts sufficient to make a more profound example of defendant to other

21   operators of other inns, hotels, motels and other public facilities, and to punish defendant and

22   to carry out the purposes of §3294 of the Civil Code.

23       41.    Plaintiffs are informed and believe and therefore allege that defendant MOTELS

24   OF SAN FRANCISCO, INC., a California corporation, caused the subject building(s) which

25   constitute the CARRIAGE INN to be constructed, altered and maintained in such a manner

26   that persons with physical disabilities were denied full and equal access to, within and

27   throughout said building(s) of the BEST WESTERN CARRIAGE INN and were denied full

28   and equal use of said public facilities.  Further, on information and belief, defendant has

1    continued to maintain and operate said CARRIAGE INN and/or its building(s) in such

2    conditions up to the present time, despite actual and constructive notice to such defendant that

3    the configuration of CARRIAGE INN and/or its building(s) is in violation of the civil rights of

4    persons with physical disabilities, such as plaintiff MARSHALL LOSKOT, the membership of

5    plaintiff DREES and the disability community which DREES serves.  Such construction,

6    modification, ownership, operation, maintenance and practices of such public facilities are in

7    violation of law as stated in Part 5.5, Health & Safety Code §19955-19959, *et seq.* and

8    elsewhere in the laws of California.

9            42.    On information and belief, the subject public facilities and building(s) of BEST

10   WESTERN CARRIAGE INN denied full and equal access to plaintiffs and other persons with

11   physical disabilities in other respects due to noncompliance with requirements of Title 24 of

12   California Building Standards Code and Health & Safety Code §19955, *et seq.*

13           43.    On personal knowledge, information and belief, the basis of defendant's actual

14   and constructive notice that the physical configuration of the facilities including, but not

15   limited to, architectural barriers constituting the BEST WESTERN CARRIAGE INN and/or

16   building(s) was in violation of the civil rights of persons with physical disabilities, such as

17   plaintiffs, includes, but is not limited to, communications with invitees and guests, owners of

18   other Carriage Inns, hotels, motels and businesses, notices defendant obtained from

19   governmental agencies upon modification, improvement, or substantial repair of the subject

20   premises and other properties owned by this defendant, newspaper articles and trade

21   publications regarding the Americans with Disabilities Act of 1990 and other access laws,

22   public service announcements by former U.S. Attorney General Janet Reno between 1993 and

23   2000, and other similar information.  Defendant's failure, under state and federal law, to make

24   the CARRIAGE INN accessible is further evidence of defendant's conscious disregard for the

25   rights of plaintiff and other similarly situated persons with disabilities.  The scope and means

26   of the knowledge of defendant is within defendant's exclusive control and cannot be

27   ascertained except through discovery.  Despite being informed of such effect on plaintiff and

28   other persons with physical disabilities due to the lack of accessible facilities, defendant

knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the CARRIAGE INN.  Said defendant has continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendant had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendant and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of punitive and exemplary damages per Civil Code §3294.

44.    Punitive Damages -- Defendant, at times prior to and including July 22, 2003, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public facility.  Despite such knowledge, defendant failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by plaintiffs and other similarly situated persons with disabilities, including the specific notices referred to in paragraph 43 of this complaint.  Defendant has failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove.  Defendant has carried out a course of conduct of refusing to respond to, or correct complaints about, denial of handicap access and has refused to comply with its legal obligations to make the CARRIAGE INN accessible pursuant to the Americans with Disabilities Act of 1990, Americans with Disabilities Act Accessibility Guidelines (ADAAG) and Title 24.  Such actions and continuing course of conduct by defendant evidence despicable conduct in conscious disregard for the rights or safety of plaintiffs and of other similarly situated persons, justifying an award of exemplary and punitive damages pursuant to §3294, Civil Code.

45.    Defendant's actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as plaintiffs and other persons with physical disabilities who have been denied the proper access they are entitled to by law.  Further, defendant's refusals on a day-to-day basis to remove the barriers complained of herein evidence despicable conduct in conscious disregard for the rights of plaintiffs and other members of the public with physical disabilities.

46.    Plaintiffs pray for an award of punitive damages against defendant pursuant to Civil Code §3294 in an amount sufficient to make a more profound example of defendant and discourage owners and operators of other Carriage Inns, hotels, motels and other public facilities, from willful disregard of the rights of persons with physical disabilities.  Plaintiffs do not know the financial worth of defendant, or the amount of punitive damages sufficient to accomplish the public purposes of §3294 of the Civil Code and seek leave to amend this complaint when such facts are known.

47.    Plaintiff MARSHALL LOSKOT and plaintiff DREES, on behalf of its membership and the disability community which it serves, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

## I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)
(On behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant MOTELS OF SAN FRANCISCO, INC., a California corporation)
(42 U.S.C. §12101, *et seq.*)

48.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 47 of this complaint.

49.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

50.   Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

51.   As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

(7)   PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

. . .

(A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;

42 U.S.C. §12181(7)(A)

52.   Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services,

facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

53. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendant set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

54.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of CARRIAGE INN pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

55.     Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendant under the standards set forth under §301(9) of the Americans with Disabilities Act.  Further, if it was not "readily achievable" for defendant to remove each of such barriers, defendant has failed to make the required services available through alternative methods which were readily achievable.

56.     On information and belief, construction work on, and modifications of, the subject building(s) of the CARRIAGE INN occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

57.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302. Plaintiffs cannot return to or make use of the public facilities complained of herein so long as

1   the premises and defendant's policies bar full and equal use by persons with physical

2   disabilities.

3        58.    Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a

4   person with a disability to engage in a futile gesture if such person has actual notice that a

5   person or organization covered by this title does not intend to comply with its provisions."

6   Pursuant to this last section, plaintiff MARSHALL LOSKOT has not returned to defendant's

7   premises since on or about July 22, 2003, but on information and belief, alleges that defendant

8   has continued to violate the law and deny the rights of plaintiffs and of other persons with

9   physical disabilities to access this public accommodation.  Pursuant to §308(a)(2), "In cases of

10  violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to

11  make such facilities readily accessible to and usable by individuals with disabilities to the

12  extent required by this title."

13       59.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil

14  Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to

15  implement the Americans with Disabilities Act of 1990, including but not limited to an order

16  granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned

17  upon being deemed to be the prevailing party.

18       60.    Plaintiffs seek damages pursuant to California Civil Code §§51, 51.5 and 52(a),

19  54, 54.1 and 54.3, which provide, within the statutory scheme, that a violation of the ADA is

20  a violation of California's Unruh Civil Rights Act.

21       Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

22  **II.   SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
    IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.*.**
23  (On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS,
    ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
24  California public benefit corporation, and Against Defendant MOTELS OF SAN
    FRANCISCO, INC., a California corporation)
25  (California Civil Code §§54, 54.1, 54.3, *et seq.*)

26       61.    Plaintiffs replead and incorporate by reference as if fully set forth again herein,

27  the allegations contained in paragraphs 1 through 60 of this complaint.

28

1    62.    At all times relevant to this action, California Civil Code §54 has provided that

2  persons with physical disabilities are not to be discriminated against because of physical

3  handicap or disability.   This section provides that:

4               (a) Individuals with disabilities . . . have the same rights
                as the general public to full and free use of the streets, highways,
5               sidewalks, walkways, public buildings, medical facilities,
                including hospitals, clinics, and physicians' offices, and other
6               public places.

7    63.    California Civil Code §54.1 provides that persons with disabilities shall not be

8  denied full and equal access to places of public accommodation or facilities:

9               (a)(1) Individuals with disabilities shall be entitled to full
                and equal access, as other members of the general public, to
10              accommodations, advantages, facilities, medical facilities,
                including hospitals, clinics, and physicians' offices, and
11              privileges of all common carriers, airplanes, motor vehicles,
                railroad trains, motorbuses, streetcars, boats, or any other public
12              conveyances or modes of transportation (whether private, public,
                franchised, licensed, contracted, or otherwise provided),
13              telephone facilities, adoption agencies, private schools, hotels,
                lodging places, places of public accommodation, amusement or
14              resort, and other places to which the general public is invited,
                subject only to the conditions and limitations established by law,
15              or state or federal regulation, and applicable alike to all persons.

16              Civil Code §54.1(a)(1)

17    64.    California Civil Code §54.1 further provides that a violation of the Americans

18  with Disabilities Act of 1990 constitutes a violation of section 54.1:

19              (d) A violation of the right of an individual under the
                Americans with Disabilities Act of 1990 (Public Law 101-336)
20              also constitutes a violation of this section, and nothing in this
                section shall be construed to limit the access of any person in
21              violation of that act.

22              Civil Code §54.1(d)

23    65.    Plaintiff MARSHALL LOSKOT and the membership of plaintiff DREES are

24  persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and

25  violated by the defendant as prescribed by §§54 and 54.1.   A separate act in violation of §§54

26  and 54.1 has been committed EACH DAY that defendant acts or fails to act and/or knowingly

27  and willfully fails and refuses to remove **each** architectural barrier or policy and procedure

28  barrier presently existing at the subject public accommodation which denies full and equal

access for persons with physical disabilities to said building(s), elements and facilities of the CARRIAGE INN.  Plaintiffs have been denied full and equal access on an ongoing basis since the date of plaintiff MARSHALL LOSKOT's first visit.  As a legal result, plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a), which provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

66.     The public facilities above described constitute "public facilities and public accommodations" within the meaning of Health & Safety Code §19955 and were facilities to which members of the public are invited.  The aforementioned acts and omissions of defendant constitute a denial of equal access to use and enjoyment of these facilities by persons with disabilities including plaintiffs.  Said acts and omissions are also in violation of provisions of Title 24 of the California Building Standards Code.

67.     On or about July 22, 2003, plaintiff MARSHALL LOSKOT suffered violations of §§54 and 54.1 of the Civil Code in that plaintiff MARSHALL LOSKOT was denied access to signage, parking, guest rooms, hot tub, check in counter and carpeting and other public facilities as stated herein at the CARRIAGE INN and on the basis that plaintiff MARSHALL LOSKOT was a person with physical disabilities.

68.     As a result of the denial of equal access to defendant's facilities due to the acts and omissions of defendant in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff MARSHALL LOSKOT suffered physical discomfort, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring over elements of the hotel which were

1  negligently designed, placed and maintained, the legal result of which was injury to plaintiff

2  MARSHALL LOSKOT's upper extremities.), emotional distress, mental distress, mental

3  suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration,

4  anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated

5  with a denial of access to a person with physical disabilities, all to plaintiff's damages as

6  hereinafter stated.  Defendant's actions and omissions to act constituted discrimination against

7  plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with

8  physical disabilities and unable, because of the architectural barriers created and maintained by

9  the defendant in violation of the subject laws, to use the public facilities hereinabove described

10 on a full and equal basis as other persons.

11      69.    Plaintiffs have been damaged by defendant's wrongful conduct and seek the

12 relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs'

13 rights as persons or an entity that represents persons with physical disabilities on or about July

14 22, 2003, and on a continuing basis since then, including statutory damages, a trebling of all

15 of actual damages, general and special damages available pursuant to §54.3 of the Civil Code

16 according to proof.

17      70.    As a result of defendant's acts and omissions in this regard, plaintiffs have been

18 required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and

19 enforce the provisions of the law protecting access for persons with physical disabilities and

20 prohibiting discrimination against persons with physical disabilities.  Pursuant to the

21 provisions of §54.3 of the Civil Code, plaintiffs therefore will seek recovery in this lawsuit for

22 all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

23 plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but

24 also to compel the defendant to make its facilities accessible to all members of the public with

25 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant

26 to the provisions of §1021.5 of the Code of Civil Procedure.

27      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                                    21

**III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant MOTELS OF SAN FRANCISCO, INC., a California corporation)
(Health & Safety Code §19955, *et seq.*)

71.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 70 of this complaint.

72.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

73.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.   On information and belief, portions of the CARRIAGE INN and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the CARRIAGE INN and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said inn and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

74.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations

and/or modifications of the CARRIAGE INN and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

75.     Public hotels such as the CARRIAGE INN are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

76.     As a legal result of denial of access to plaintiffs as hereinabove described, plaintiff MARSHALL LOSKOT suffered bodily and emotional injuries expectedly, normally and naturally associated with a denial of access to signage, parking, guest rooms, hot tub, check in counter and carpeting, and other public areas as stated herein.

77.     As a result of the actions and failure to act of defendant, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities, suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities, and plaintiff MARSHALL LOSKOT further suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring over elements of the hotel which were negligently designed, placed and maintained, the legal result of which was injury to plaintiff MARSHALL LOSKOT's upper extremities.), emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry expectedly and naturally associated with a person with physical disabilities being denied access, all to plaintiffs' damages as prayed hereinafter in an amount within the jurisdiction of this court.

78.   Attorneys' Fees -- As a result of defendant's acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

79.   Plaintiffs seek injunctive relief for an order compelling defendant to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

80.   Plaintiffs seek damages pursuant to California Civil Code §§52(a) and 54.3.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant MOTELS OF SAN FRANCISCO, INC., a California corporation)
(Civil Code §51, 51.5)

81.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 80 of this complaint.

82.   Defendant's actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

This section shall be known, and may be cited, as the Unruh Civil Rights Act.

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendant in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendant, as a reasonable and prudent public accommodation, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendant.

83.     The acts and omissions of defendant stated herein are discriminatory in nature and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

84.   Defendant's acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Further, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at ¶¶47, *et seq.*, as if repled herein.

85.   As a legal result of the violation of plaintiff MARSHALL LOSKOT's  civil rights as hereinabove described, plaintiff MARSHALL LOSKOT has suffered general damages, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring over elements of the hotel which were negligently designed, placed and maintained, the legal result of which was injury to plaintiff MARSHALL LOSKOT's upper extremities.), physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs MARSHALL LOSKOT and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

Wherefore, plaintiffs pray that this court grant relief and damages as hereinafter stated.

**V.    FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.***
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant MOTELS OF SAN FRANCISCO, INC., a California corporation)
(Business & Professions Code §17200, *et seq.*)

86.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 85 of this complaint.

87.     Defendant has had actual and constructive notice of the Americans with Disabilities Act of 1990 and has seen places of public accommodation similar to the public accommodations subject to this action made accessible to persons with disabilities, i.e., public accommodations with accessible parking and parking signage, accessible registration counters, accessible guestrooms and bathrooms within, the requisite number of accessible guest rooms by classification, and accessible swimming pools.

88.     Defendant MOTELS OF SAN FRANCISCO, INC., a California corporation, and its agents, ostensible agents, masters, servants, employers, employees, representatives, franchisors, franchisees, joint venturers, alter egos, partners and/or associates, although having actual and constructive knowledge of the Americans with Disabilities Act of 1990 and accessible elements of public accommodations, has engaged in an unlawful and unfair business act or practice of the California Business and Professions Code

> 17200.  As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code

> (Calif. Bus. & Prof. Code §17200)

in that defendant has intentionally and/or negligently failed to identify and remove architectural barriers at the subject CARRIAGE INN, thereby denying plaintiffs and those similarly situated from the opportunity to enjoy the goods and services provided therein.

89.   Plaintiffs MARSHALL LOSKOT and DREES have the right to act as private attorneys general to remedy such acts, as provided in sections 17204 and 17205 of the California Business and Professions Code, to wit:

> 17204.   Actions for any relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or any district attorney or by any county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or any city attorney of a city, or city and county, having a population in excess of 750,000, and, with the consent of the district attorney, by a city prosecutor in any city having a full-time city prosecutor or, with the consent of the district attorney, by a city attorney in any city and county in the name of the people of the State of California upon their own complaint or upon the complaint of any board, officer, person, corporation or association or by any person acting for the interests of itself, its members or the general public.

.   .   .

> 17205.   Unless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state.

(Calif. Bus. & Prof. Code §§17204 and 17205)

Wherefore, plaintiffs pray that this court grant relief and damages as follows:

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and  Against Defendant MOTELS OF SAN FRANCISCO, INC., a California corporation)
(42 U.S.C. §12101, *et seq.*)

1.   For injunctive relief, compelling defendant MOTELS OF SAN FRANCISCO, INC., a California corporation to make the CARRIAGE INN, located at 140 Seventh Street, San Francisco, readily accessible to and usable by individuals with disabilities, per Public Law 10 1-336, §308; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

**II.      PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET  SEQ.***
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant MOTELS OF SAN FRANCISCO, INC., a California corporation)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.      For injunctive relief, compelling defendant MOTELS OF SAN FRANCISCO, INC., a California corporation, to make the CARRIAGE INN, located at 140 Seventh Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      General and compensatory damages according to proof;

3.      All damages as afforded by Civil Code §54.3 for each day, from the inception of the filing of this complaint, on which defendant has failed to remove barriers which denied plaintiffs and other persons with disabilities full and equal access.

4.      Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

5.      Punitive damages pursuant to Civil Code §3294;

6.      For all costs of suit;

7.      Prejudgment interest pursuant to Civil Code §3291;

8.      Such other and further relief as the court may deem just and proper.

**III.      PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant MOTELS OF SAN FRANCISCO, INC., a California corporation)
(Health & Safety code §19955, *et seq.*)

1.      For injunctive relief, compelling defendant  MOTELS OF SAN FRANCISCO, INC., a California corporation to make the CARRIAGE INN, located at 140 Seventh Street,

1 | San Francisco, California, readily accessible to and usable by individuals with disabilities, per

2 | state law.

3 |       2.     General and compensatory damages according to proof under Civil Code

4 | §§52(a) and 54.3;

5 |       3.     Special and consequential damages according to proof under Civil Code §§52(a)

6 | and 54.3;

7 |       4.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code

8 | §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the

9 | prevailing party;

10 |       5.     For all costs of suit;

11 |       6.     For prejudgment interest pursuant to Civil Code §3291;

12 |       7.     Such other and further relief as the court may deem just and proper.

13 | **IV.**    **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
14 | (On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant MOTELS OF SAN FRANCISCO, INC., a California corporation)
17 | (California Civil Code §§51, 51.5, *et seq.*)

18 |       1.     General and compensatory damages according to proof;

19 |       2.     All damages as afforded by Civil Code §52(a) for each day on which defendant

20 | has denied to plaintiffs full and equal accommodations, advantages, facilities, privileges or

21 | services in any business establishment or has otherwise denied to plaintiffs and persons with

22 | physical disabilities equal access;

23 |       3.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

24 | prevailing party;

25 |       4.     Punitive damages pursuant to Civil Code §3294;

26 |       5.     For all costs of suit;

27 |       6.     Prejudgment interest pursuant to Civil Code §3291; and

28 |       7.     Such other and further relief as the court may deem just and proper.

**V.     PRAYER FOR FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS
PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND
PROFESSIONS CODE §17200, *ET SEQ.***
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS,
ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
California public benefit corporation, and Against Defendant MOTELS OF SAN
FRANCISCO, INC., a California corporation)
(Business & Professions Code §17200, *et seq.*)

1.     For injunctive relief, compelling defendant MOTELS OF SAN FRANCISCO,

INC., a California corporation, to make the CARRIAGE INN, located at 140 Seventh Street,

San Francisco, California, readily accessible to and usable by individuals with disabilities, per

state law.

2.     Attorneys' fees pursuant to applicable code if plaintiffs are deemed the

prevailing party.

Dated: March 19, 2004              THOMAS E. FRANKOVICH
                                   *A PROFESSIONAL LAW CORPORATION*


                                   By: _____/s/_____
                                       THOMAS E. FRANKOVICH
                                   Attorneys for Plaintiffs MARSHALL LOSKOT and
                                   DISABILITY RIGHTS, ENFORCEMENT,
                                   EDUCATION, SERVICES:HELPING YOU HELP
                                   OTHERS, a California public benefit corporation

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: March 19, 2004              THOMAS E. FRANKOVICH
                                   *A PROFESSIONAL LAW CORPORATION*


                                   By: _____/s/_____
                                       THOMAS E. FRANKOVICH
                                   Attorneys for Plaintiffs MARSHALL LOSKOT and
                                   DISABILITY RIGHTS, ENFORCEMENT,
                                   EDUCATION, SERVICES:HELPING YOU HELP
                                   OTHERS, a California public benefit corporation